IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| Markus N. Buchanan, | ) | |
| | ) | |
| Petitioner, | ) | Case No: 11 C 50148 |
| | ) | |
| v. | ) | |
| | ) | Judge Philip G. Reinhard |
| Dave Rednour, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

For the following reasons, the court lifts the stay in this matter. Respondent is ordered to respond to the petition within 90 days. Petitioner may file any reply within 60 days.

## STATEMENT

On March 2, 2016, this court ordered petitioner Markus N. Buchanan to provide documents to the court so that the court could determine whether a continued stay in this matter was appropriate. On March 28, 2016 and April 4, 2016, petitioner complied with the court's order and supplied the court with copies of those matters still pending in state court. *See* [51]; [52]; [53].

Upon review of these documents, as well as the original petition [1] and request for a stay [3], the court has determined that a stay is not appropriate in this case. The remaining state matters all relate to a 735 ILCS 5/2-1401 petition filed by plaintiff which was denied by the state trial court on October 17, 2014. *See* [53] at 3. First, the state trial court's primary basis for denying petitioner's 5/2-1401 petition was because it was untimely. *See* [53] at 3; [52-9] at 3. Under 28 U.S.C. § 2244(d)(2), a stay is only appropriate for "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim." Because the state trial court deemed that the 5/2-1401 petition was not properly filed, it was arguably not "properly filed" for purposes of § 2244(d)(2). *See Martinez v. Jones*, 556 F.3d 637, 639 (7th Cir.2009)

Regardless, the arguments raised by the 5/2-1401 petition itself pertain to whether petitioner was properly charged with the crime he was convicted of, whether his sentence violated his agreement waiving his jury trial, whether Dr. Blum committed perjury, and whether the State committed a Brady violation. These arguments were not raised in the ten "grounds for relief" in petitioner's 28 U.S.C. § 2254 petition, which include several alleged instances of

1

ineffective assistance of counsel, denial of the right to self representation, and ineffective assistance of appellate counsel. *See* [1]. Because there is no overlap, the arguments in the §2254 petition before this court have been fully exhausted, making a continuance of the stay in this case unnecessary. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005) (stay only appropriate where there is a mix of exhausted and unexhausted claims).

     For the foregoing reasons, the stay in this matter is lifted. Respondent is ordered to respond to the amended § 2254 motion within 90 days. Any reply is to be filed within 60 days.

Date: 4/06/2016        ENTER:

*Philip G. Reinhard*
United States District Court Judge

Notices mailed by Judicial Staff. (LC)